```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

STACY L. AGERTON,                    :
                                     :
    Plaintiff,                       :
                                     :
vs.                                  :   CIVIL ACTION 07-0460-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of                      :
Social Security,                     :
                                     :
    Defendant.                       :

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 20) and Defendant's Notice of Intent Not to Object to Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 21).  After consideration of the pertinent pleadings, it is **ORDERED**, without objection, that the Application be **GRANTED** and that Plaintiff's attorney be **AWARDED** an EAJA attorney's fee in the amount of $2,520.16.

Plaintiff filed this action on June 27, 2007 (Doc. 1).  On January 25, 2008, the Court entered a Memorandum Opinion and Order and Judgment granting Defendant's Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 15) and remanding this action to the Commissioner for further proceedings not inconsistent with the Orders of this Court (Docs. 18, 19).  On

April 22, 2008, Byron A. Lassiter, counsel for Plaintiff, filed an Application for Attorney Fees Under the Equal Access to Justice Act, in which Plaintiff requests a fee of $2,520.16, computed at an hourly rate of $165.80 for 15.2 hours spent in this Court (Doc. 20).  Defendant in his Notice filed April 30, 2008, stated that he does not oppose Plaintiff's Application (Doc. 21).

> award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA requires a court to

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

Defendant concedes that Plaintiff became the prevailing party when the Court remanded this action, Schaefer, 113 S.Ct. at 2631 and that the fee application was timely filed; however, he

does not concede that his position was not substantially justified (Doc. 21).

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" ....  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 15.2 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation."  ...  The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[1].  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Id.

For years, the prevailing market rate in the Southern

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

District of Alabama has been $125.00 per hour.  See e.g., Smith v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001).  Recently, in an action before Judge Cassady, that rate was increased to account for the ever-increasing cost of living.  Lucy v. Barnhart, CA 06-0147-C.  In Lucy, the Court adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (Id. At 11, quoting Doc. 31, at 2).  The undersigned agrees with Judge Cassady that the time has come to adjust the hourly rate and also adopts this formula in this and future actions in arriving at the appropriate hourly rate.

The temporal midpoint in this action was October 11, 2007, the complaint having been filed on June 27, 2007 (Doc. 1), and

---

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] ... [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment."  Lucy v. Barnhart, CA 06-0147-C, Doc. 31, at 3.

6

the Court having entered its Order and Judgment on January 25, 2008 (Docs. 18, 19).  The CPI-U for October 2007 was 202.155. Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 202.155/152.4.  Completion of this equation renders an hourly rate of $165.80.

In conclusion, it is **ORDERED**, without objection, that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff's attorney be **AWARDED** an EAJA attorney's fee in the amount of $2,520.16.

DONE this 9th day of May, 2008.

s/BERT W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE