```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

STACY L. AGERTON,                   :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :   CIVIL ACTION 07-0460-M
                                    :
MICHAEL J. ASTRUE,                  :
Commissioner of                     :
Social Security,                    :
                                    :
     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 26) and Defendant's Response to Plaintiff's Petition for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), in which he notifies the Court that he does not oppose the Petition (Doc. 27). After consideration of all pertinent materials in the file, it is **ORDERED,** without objection by the Government, that Plaintiff's attorney's Petition for Authorization of Attorney Fees be **GRANTED** and that Plaintiff's attorney, Byron A. Lassiter, be **AWARDED** a fee of $10,225.00 for his services before this Court and that Mr. Lassiter pay to Plaintiff the sum of $4,520.16, which sum represents the fees previously awarded pursuant to the Equal Access to Justice Act (EAJA).

Plaintiff hired Mr. Lassiter on September 11, 2001, to pursue her claims for a period of disability and Disability Insurance Benefits after her claims were denied initially and at the hearing

level.  At that time, it was agreed that Mr. Lassiter would receive twenty-five percent of past-due benefits paid to Plaintiff.  A written contingent fee agreement was executed by Plaintiff on June 19, 2007 (Doc. 26, Ex. C).

For the past approximately 7 years, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for a period of disability and Disability Insurance Benefits, which application was denied initially and at the hearing level on February 2, 2002.  Counsel for Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which request was denied on February 28, 2003.  On behalf of Plaintiff, counsel commenced a civil action in this Court (Civil Action 03-0258-P-M) on April 29, 2003 (Doc. 1).  By Order and Judgment dated September 7, 2004, Judge Pittman reversed the decision of the ALJ and remanded the action for further administrative proceedings (Docs. 15, 16 in Civil Action 03-0258-P-M).

On remand, a supplemental hearing was held, after which the ALJ again denied Plaintiff's claim for a period of disability and Disability Insurance Benefits.  Counsel timely requested review of the ALJ's decision by the Appeals Council, which request was denied on April 28, 2007.  Counsel for Plaintiff then timely commenced the instant civil action on June 27, 2007 (Doc. 1).

Counsel for the parties conferred on December 5, 2007, and

again on January 10, 2008.  On January 11, 2008, pursuant to an agreement reached between the parties, the Commissioner filed a Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 15).  In the Motion, the Commissioner also stated that "[o]n remand by the Court, the Appeals Council will issue a fully favorable decision in this case, stipulating that Plaintiff was disabled as of February 20, 2000."

On January 15, 2008, the parties filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 16) and, by Order dated January 24, 2008 (Doc. 17), Judge Butler referred this action to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

On January 25, 2008, the undersigned Judge entered a Memorandum Opinion and Order and Judgment in which the Court granted Defendant's unopposed Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g), reversing the decision of the ALJ and remanding this action for further administrative proceedings not inconsistent with the Orders of this Court (Docs. 18, 19).  Upon remand, the Appeals Council rendered a fully favorable decision on April 5, 2008, finding Plaintiff disabled and entitled to benefits under Title II of the Social Security Act commencing February 20, 2000.

Counsel for Plaintiff received a Notice of Award dated June 16, 2008, stating that $15,525.00, representing twenty-five percent of Plaintiff's past-due benefits, was withheld for payment of attorney fees[1]. This is consistent with the contingency fee agreement between counsel and Plaintiff.

Based upon the fee agreement between Plaintiff and Mr. Lassiter, the total amount withheld from Plaintiff's past-due benefits is $15,525.00. Mr. Lassiter has been awarded $5,300.00 in administrative attorney fees; therefore, the amount remaining withheld for payment of 406(b) fees is $10,225.00.

In the instant Petition, Mr. Lassiter requests a fee in the amount of $10,225.00 for his services before this Court. This sum, when added to the $5,300.00 in administrative attorney fees previously awarded, equals twenty-five percent of Plaintiff's past-due benefits, which is consistent with the agreement between Mr. Lassiter and Plaintiff.

---

[1] The Notice of Award does not specify the amount of Plaintiff's past-due benefits but, because twenty-five percent of Plaintiff's past-due benefits amounts to $15,525.00, it is estimated that Plaintiff's past-due benefits amounted to approximately $62,100.00.

4

On September 17, 2008, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $10,225.00 (Doc. 26).  Mr. Lassiter spent a combined total of 28.4 hours before this Court representing Plaintiff in two civil actions in connection with her claim for a period of disability and Disability Insurance Benefits without compensation for his time spent before this Court.  Defendant has no objection to the requested fee (Doc. 27).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[2]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to twenty-five percent of the past-due benefits awarded).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to

assure that they yield reasonable results in particular cases". Id. at 1828. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits. Within the twenty-five percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822.

In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. Id. at 1822. By Order and Judgment entered January 11, 2005 (Docs. 20, 21 in Civil Action 03-0258), the Commissioner was ordered to pay counsel for Plaintiff the amount of $1,650.00 in fees pursuant to EAJA. By Memorandum Opinion and Order and Judgment entered May 9, 2008, in Civil Action 07-0460-M, as

amended on May 13, 2008, the Commissioner was ordered to pay counsel for Plaintiff the amount of $2,520.16 in fees and $350.00 in costs for a total EAJA fee and expenses of $2,870.16.  In the instant petition, Mr. Lassiter requests the Court to include in its order a provision that he pay to Plaintiff the sum of $4,520.16, which sum represents the fees and costs awarded under EAJA in both Civil Actions and which is currently held in trust for Plaintiff's benefit.  An attorney's fee awarded under 42 U.S.C. § 406(b) is subject to a dollar-for-dollar offset by the previous attorney's fees awarded under EAJA, which in this instance is $4,520.16.

   The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250

>    (C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989).  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.  See Rodriquez, 865 F.2d at 741.  Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the twenty-five percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed twenty-five percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2003 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter.  The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney.  The

requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $10,225.00 is reasonable for the services rendered before this Court and does not exceed twenty-five percent of Plaintiff's past-due benefits.

Therefore, it is **ORDERED**, without objection from Defendant, that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee in the amount of $10,225.00 for his services before this Court.  It is **FURTHER ORDERED** that Mr. Lassiter pay to Plaintiff the sum of $4,520.16, which sum represents the EAJA fees previously awarded.

DONE this 3rd day of October, 2008.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE